UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>Plaintiff,<br><br>v.<br><br>RN MALONE, RN WRIGHT, RN JUDGE, RN SKINNER, RN CRANE, RN TRIESCH, RN BROWN, CUS SWAIN, SERGEANT JOLLY, SERGEANT SULTUMIER, RN MAZE, RN BROWER, PA NGO, COUNSELOR ROLKO, CORRECTIONS OFFICER EVANS,<br><br>Defendants. | CASE NO. C13-6016 RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JULY 11, 2014 |

Before the Court is Plaintiff's voluntary motion to dismiss. Dkt. 38. Defendants do not object to the motion, but request that the dismissal be with prejudice. Dkt. 39. The undersigned recommends that the motion be granted and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff James Wiggin filed his original complaint in this 42 U.S.C. § 1983 case on November 25, 2013. Dkt. 1. Defendants filed an answer on January 27, 2014. Dkt. 24. Defendants filed a Motion for Summary Judgment that was pending before the undersigned when Mr. Wiggin moved to dismiss his action. Dkt. 28. On March 4, 2014, Defendants filed a Motion to Stay Discovery that was based on their raising the affirmative defense of qualified

immunity. (Dkt. 30). The undersigned granted Defendants' Motion to Stay Discovery on April 8, 2014. Dkt. 37. On May 29, 2014, Plaintiff filed his Motion for Voluntary Dismissal. Dkt. 38

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal."). Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). However, the rule gives the Court a broad grant of discretion and it "does not contain a preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2007) ("if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court

REPORT AND RECOMMENDATION - 2

1  may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with
2  prejudice.").

3        Mr. Wiggin does not indicate his preference for the type of dismissal he seeks.  Dkt. 38.
4  In addition, Mr. Wiggin's Motion for Voluntary Dismissal was filed after Defendants' filed a
5  Motion for Summary Judgment.  Dkt. 28.  Plaintiff's delay in filing his motion until after a
6  dispositive motion has been filed and his requesting dismissal in the face of a dispositive motion
7  constitutes legal prejudice.  *Maxum Indemnity Insurance Company v. All American Roofing*
8  *Company*, 299 F. App'x 664, 666 (9th Cir. 2008).   Mr. Wiggin should not be allowed to dismiss
9  the action in the face of a dispositive motion and then be allowed to refile the same action at a
10 later date.  *Terrovana v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988) (dismissal to avoid an
11 adverse ruling).  Having determined that defendants show legal prejudice the undersigned
12 recommends GRANTING Mr. Wiggin's motion to dismiss the action (Dkt. 38) and dismissing
13 the action WITH PREJUDICE.

14 **WRITTEN OBJECTIONS**

15       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
16 Procedure, the parties shall have fourteen (14) days from service of this Report and
17 Recommendation to file written objections.  See also Fed. R.Civ.P. 6.  Failure to file objections
18 will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140
19 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
20 matter for consideration on **July 11, 2014**, as noted in the caption.
21       **DATED** this 23rd day of June, 2014.

22
23                          Karen L. Strombom
24                          United States Magistrate Judge